# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| BARBARA O'BOYLE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br> vs. <br><br> JEFFERSON CAPITAL SYSTEMS LLC, <br><br> Defendant. | Case No.: 18-cv-454 <br><br> **CLASS ACTION COMPLAINT** <br><br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Barbara O'Boyle is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her, a debt allegedly incurred for personal, family or household purposes.

5. Defendant Jefferson Capital Systems, LLC ("JCS") is a foreign limited liability company and debt collection agency with its principal place of business located at 16 McLeland

Road, St. Cloud, Minnesota 56303. Its registered agent in Wisconsin is Corporation Service Company, 8040 Excelsior Drive Suite 400, Madison, Wisconsin 53717.

6. JCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

8. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or* who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added); *see Barbato v. Greystone All., LLC*, Civil Action No. 3:13-2748, 2017 U.S. Dist. LEXIS 172984 (M.D. Pa. Oct. 19, 2017); *Tepper v. Amos Fin., LLC*, No. 15-cv-5834, 2017 U.S. Dist. LEXIS 127697 *20-22 (E.D. Pa. Aug. 9, 2017) ("the statute provides two possible paths for a plaintiff to prove that a particular defendant is a 'debt collector.' Subject to certain exceptions not relevant here, the defendant will be a debt collector if either (1) its 'principal purpose . . . is the collection of any debts,' or (2) it 'regularly collects or attempts to collect . . . debts owed or due . . . another.'").

9. The primary purpose of JCS's business, and JCS's principal purpose, is the collection of consumer debts. *See, eg. Mitchell v. LVNV Funding, LLC*, No. 2:12-CV-523-TLS, 2017 U.S. Dist. LEXIS 206440 *16 (N.D. Ind. Dec. 15, 2017) ("'[t]here is no business purpose in purchasing charged off debts if the ultimate goal is not to collect them,' and that '[d]ebt buyers don't buy debts to use them as wallpaper, but to turn them into money'" (citing Pl.'s Reply Br.)).

2

10. JCS's website contains an "About Us" webpage, which states:

> Jefferson Capital is an industry-leading provider of traditional and unique recovery services for consumer charged-off accounts. Our clients include creditors and national debt buyers. We offer services such as a Payment Rewards Collections Program, purchasing and servicing of secured and unsecured bankruptcies, as well as traditional purchasing of distressed portfolios.

http://www.jeffersoncapitalinternational.com/us/about-jefferson-capital.html.

11. JCS uses both ordinary collection methods such as mail and telephone communications, and also civil lawsuits, in its collection business.

12. JCS is a frequent litigant in Wisconsin courts. A general search on Wisconsin Circuit Court Access ("CCAP") for JCS returns the error message: "Your request could not be processed. Your search has returned more than 5000 rows. Please try again."

13. JCS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. JCS is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

14. On January 9, 2018, JCS called Plaintiff's cellular telephone.

15. Upon information and belief, the phone call on January 9, 2018 was the first communication from JCS regarding the alleged debt that JCS was attempting to collect.

16. Upon information and belief, JCS first became involved in the collection of the alleged debt after the alleged debt was in default.

17. Plaintiff did not have any debts other than ones incurred for personal, family, or household purposes.

18. JCC did not send Plaintiff a written notice including the 15 U.S.C. § 1692g(a) notice, which requires:

3

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

19. Plaintiff did not receive any written communications from JCS containing the 15 U.S.C. § 1692g(a) notice, either before or after the telephone call.

20. Plaintiff has not moved residences in several years.

21. Plaintiff regularly checks her mail and does not dispose of collection letters.

22. Failure to provide the correct validation notice pursuant to 15 U.S.C. § 1692g(a) is a *per se* violation of the FDCPA. No analysis of materiality of the error or omission is required. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).").

23. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt.

24. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes . . . do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. JCS Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is

violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

25. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt communication containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

26. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

27. JCS failed to provide to Plaintiff the required notice pursuant to 15 U.S.C. § 1692g(a).

28. JCS has thus failed to comply with the debt validation notice requirements pursuant to 15 U.S.C. § 1692g(a).

29. Failure to provide the 15 U.S.C. § 1692g(a) notice is also a false representation or deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

30. The Defendant has violated 15 U.S.C. §§ 1692g(a) and 1692e(10).

## CLASS ALLEGATIONS

31. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who JCS called by telephone in an attempt to collect a debt (c) and who were not sent an initial collection letter, (c) seeking to collect a debt for personal, family or household purposes, (d) between March 21, 2017 and March 21, 2018, inclusive.

32. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

33. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether JCC violated the FDCPA.

34. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

35. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

36. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

37. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: March 22, 2018

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com

8

Case 2:18-cv-00454-WED    Filed 03/22/18    Page 8 of 8    Document 1